

**Littler Mendelson, P.C.**
1300 IDS Center
80 South 8th Street
Minneapolis, MN  55402.2136

March 26, 2024

Thomas R. Revnew
612.313.7622 direct
612.630.1000 main
trevnew@littler.com

**VIA ECF**

The Honorable Katherine Menendez
United States District Judge, District of Minnesota
Courtroom 14W
300 S. Fourth St.
Minneapolis, MN 55415

Re:   Minnesota Chapter of Associated Builders and Contractors, Inc., et. al v. Ellison et al.

Dear Judge Menendez:

Pursuant to your practice pointers, Plaintiffs Minnesota Chapter of Associated Builders and Contractors ("MNABC"), National Federation of Independent Business ("NFIB"), and Laketown Electric ("Laketown") (collectively, "Plaintiffs") write to respectfully request leave of the Court to file a Motion for Summary Judgment in the above-captioned matter.  Among other items, Plaintiffs' Complaint requests that the Court enter a judgment declaring Minn. Stat. § 181.531 is unconstitutional as it violates the First and Fourteenth Amendments of U.S. Constitution and is also pre-empted by the National Labor Relations Act. These are pure legal issues for which discovery is unnecessary. A copy of the statute is enclosed for ease of reference.

Defendants Keith Ellison, in his capacity as Attorney General of Minnesota, and Nicole Blissenbach, in her capacity as the Commissioner of the Minnesota Department of Labor and Industry (collectively, "Defendants") have filed a Motion to Dismiss, which is currently scheduled to be heard on May 14th.  In the interest of judicial economy and in light of the pure legal issues involved, Plaintiffs request the Court hear both the Motion to Dismiss and the Motion for Summary Judgment on the same day.   If Plaintiffs' Motion for Summary Judgment were to be heard on the same day, their Motion for Summary Judgment would be filed with the Court on or before April 2, 2024.

Before submitting this request, Plaintiffs' counsel conferred with Defendants' counsel, who have expressed opposition to the early filing of a Motion for Summary Judgment.  As Plaintiffs understand it, Defendants believe discovery must first be conducted in order to ascertain whether Plaintiffs have standing to bring this action.

Discovery, however, is unnecessary because the chilling of First Amendment protected speech and self-censorship alone constitutes injury sufficient to confer standing.  *281 Care Comm. v. Arneson*, 638 F.3d 621, 627 (8th Cir. 2011) ("Here, the issue presented requires no further factual development, is largely a legal question, and chills allegedly protected First Amendment expression. Thus, we conclude that plaintiffs' claim is ripe for review.").  This case presents a situation similar to *Arneson* – Plaintiffs allege that Minn. Stat. § 181.531 has and does chill speech which is protected by the First Amendment, a cognizable injury.  *E.g., id.* at subd. 3 (making posting in the workplace of the rights to chill speech mandatory); Minn. Stat. 645.44, subd. 16 (providing that when a statute like section 181.531 states that a person or entity "shall" do a particular act, the act is "mandatory," not discretionary); *e.g., Anoka County*

littler.com

The Honorable Katherine Menendez
March 26, 2024
Page 2

*v. Law Enforcement Labor Services*, ___ N.W.2d ___, 2024 WL 957331, at *3 (Minn. Mar. 6, 2024); *State by Beaulieu v. RSJ, Inc.*, 552 N.W.2d 695, 701-02 (Minn. 1996) (same). The question is a legal one.

Additionally, the only relevant inquiry is whether Plaintiffs made "reasonable" decisions to self-censor. Such self-censorship is "reasonable" where a plaintiff shows "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by [the] statute, and *there exists a credible threat of prosecution*." *Id.* (emphasis added). The critical point of that inquiry is whether there exists a reasonable threat of prosecution. That question overlaps with the question presented by Defendants' Motion to Dismiss on sovereign immunity grounds – namely, whether enforcement of § 181.531 against Plaintiffs is imminent. (*See* ECF Doc. 15 at 8). For the reasons that will be outlined by Plaintiffs in their forthcoming response to Defendants' Motion to Dismiss, sovereign immunity is inapplicable here, and enforcement is imminent for purposes of *Ex Parte Young,* 209 U.S. 123 (1908). Thus, should this Court agree with Plaintiffs that enforcement is imminent, such a finding also necessarily means that Plaintiffs have standing and the Court should then address the pure legal issues that would be raised in Plaintiffs' Motion for Summary Judgment.

In sum, Plaintiffs request leave of this Court to submit a Motion for Summary Judgment, to be heard on the same day as Defendants' Motion to Dismiss because discovery is unnecessary. Plaintiffs would similarly respectfully request an opportunity to respond to Defendants' arguments as to why leave should not be granted to the extent such arguments are not addressed within this correspondence.

Defendants should also not be permitted, in common parlance, to put the cart before the horse, and preclude a summary judgment motion on legal issues without meeting the requirements of Fed. R. Civ. P. 56(d) and submitting an affidavit or declaration showing that discovery is needed. Where the issues are legal issues, where the language and mandatory requirements of section 181.531 are the central focus of this litigation, judicial efficiency is promoted by a hearing where both Plaintiffs' Motion for Summary Judgment and Defendants' Motion to Dismiss are heard at the same time.

Finally, this law was passed in 2023. The voters should have the opportunity to have a decision on the constitutionality of this statute, which unconstitutionally chills free speech and is preempted by the National Labor Relations Act, before the November 2024 election, so they can hold those legislators accountable. Waiting on the cross motion for summary judgment does not allow for that.

Sincerely,

*/s/ Thomas R. Revnew*

Thomas R. Revnew

TR
Attachment
cc:     Nick Pladson, nick.pladson@ag.state.mn.us
        Benjamin Harringa, Benjamin.Harringa@ag.state.mn.us
        Judge Menendez Chambers

4862-7574-8274.2 / 121551-1001

littler.com

🚩 KeyCite Yellow Flag - Negative Treatment

Proposed Legislation

> Minnesota Statutes Annotated
>    Labor, Industry (Ch. 175-189)
>       Chapter 181. Employment
>          Conditions Precedent

M.S.A. § 181.531

181.531. Employer-sponsored meetings or communication

Effective: August 1, 2023

Currentness

**Subdivision 1. Prohibition.** An employer or the employer's agent, representative, or designee must not discharge, discipline, or otherwise penalize or threaten to discharge, discipline, or otherwise penalize or take any adverse employment action against an employee:

(1) because the employee declines to attend or participate in an employer-sponsored meeting or declines to receive or listen to communications from the employer or the agent, representative, or designee of the employer if the meeting or communication is to communicate the opinion of the employer about religious or political matters;

(2) as a means of inducing an employee to attend or participate in meetings or receive or listen to communications described in clause (1); or

(3) because the employee, or a person acting on behalf of the employee, makes a good-faith report, orally or in writing, of a violation or a suspected violation of this section.

**Subd. 2. Remedies.** An aggrieved employee may bring a civil action to enforce this section no later than 90 days after the date of the alleged violation in the district court where the violation is alleged to have occurred or where the principal office of the employer is located. The court may award a prevailing employee all appropriate relief, including injunctive relief, reinstatement to the employee's former position or an equivalent position, back pay and reestablishment of any employee benefits, including seniority, to which the employee would otherwise have been eligible if the violation had not occurred and any other appropriate relief as deemed necessary by the court to make the employee whole. The court shall award a prevailing employee reasonable attorney fees and costs.

**Subd. 3. Notice.** Within 30 days of August 1, 2023, an employer subject to this section shall post and keep posted, a notice of employee rights under this section where employee notices are customarily placed.

**Subd. 4. Scope.** This section does not:

(1) prohibit communications of information that the employer is required by law to communicate, but only to the extent of the lawful requirement;

(2) limit the rights of an employer or its agent, representative, or designee to conduct meetings involving religious or political matters so long as attendance is wholly voluntary or to engage in communications so long as receipt or listening is wholly voluntary; or

(3) limit the rights of an employer or its agent, representative, or designee from communicating to its employees any information, or requiring employee attendance at meetings and other events, that is necessary for the employees to perform their lawfully required job duties.

**Subd. 5. Definitions.** For the purposes of this section:

(1) "political matters" means matters relating to elections for political office, political parties, proposals to change legislation, proposals to change regulations, proposals to change public policy, and the decision to join or support any political party or political, civic, community, fraternal, or labor organization; and

(2) "religious matters" means matters relating to religious belief, affiliation, and practice and the decision to join or support any religious organization or association.

**Credits**
Laws 2023, c. 53, art. 11, § 25, eff. Aug. 1, 2023.

M. S. A. § 181.531, MN ST § 181.531
Current with legislation effective through March 15, 2024, from the 2024 Regular Session. Some statute sections may be more current, see credits for details. The statutes are subject to change as determined by the Minnesota Revisor of Statutes. (These changes will be incorporated later this year.)

**End of Document**  © 2024 Thomson Reuters. No claim to original U.S. Government Works.