**The Office of Minnesota Attorney General Keith Ellison**

helping people afford their lives and live with dignity, safety, and respect  •  www.ag.state.mn.us

March 26, 2024

*Filed and Served via ECF*

Honorable Kate M. Menendez
United States District Court
Courtroom 14W
300 South Fourth Street
Minneapolis, MN 55415

      **Re:**    **Opposition to Plaintiffs' Request to File Early Motion for Summary Judgment**
             *Minnesota Chapter of Associated Builders and Contractors, Inc. et al v. Ellison et al.,* Case No. 0:24-cv-00536 (D. Minn.) (KMM/ECW)

Dear Judge Menendez,

      Defendants filed a motion to dismiss this matter on March 14, 2024, raising a factual challenge to this Court's subject matter jurisdiction on the basis of Defendants' sovereign immunity under the 11th Amendment of the United States Constitution. (ECF No. 14.) A hearing on Defendants' motion is scheduled for May 14, 2024.

      Last week, Plaintiffs notified Defendants of their intent to request leave from this Court to file an early, pre-answer and pre-discovery motion for summary judgment. Plaintiffs seek to adjudicate the constitutionality of Minnesota Statutes section 181.531 ("the Act"), based solely on allegations in their complaint. Plaintiffs propose a briefing schedule beginning the first week of April 2024, and propose to share the hearing date for Defendants' motion to dismiss on May 14, 2024. For several reasons, both legal and practical, this Court should deny Plaintiffs' request.

      *First*, a federal court's subject matter jurisdiction is a threshold question that, when challenged, a court must decide before addressing any other issues. *See Dreith v. City of St. Louis, Missouri*, 55 F.4th 1145, 1150 (8th Cir. 2022) (reversing district court ruling to defer ruling on defendant's entitlement to sovereign immunity but ruling on other merits issues). Accordingly, before this Court could even consider Plaintiffs' proposed, early motion for summary judgment, it must rule on Defendants' motion.

      If the Court grants Defendants' motion, this case will be dismissed and any additional, pending motions will be moot. If, on the other hand, the Court denies Defendants' motion – in whole or in part – Defendants have the right to seek immediate, interlocutory review of any adverse decision denying official immunity under the 11th Amendment. *See Dreith*, 55 F.4th at 1150. (recognizing defendant's right to immediate interlocutory appeal ruling denying sovereign

Honorable Judge Menendez
March 25, 2024
Page 2

immunity ruling). Because any adjudication of Defendants' entitlement to sovereign immunity will impact future office holders, as well as their current occupants, Defendants would very likely request interlocutory review of any ruling denying sovereign immunity.

In short, this Court's resolution of Defendants' motion to dismiss will likely result in the complaint's dismissal or an interlocutory appeal. This raises the question of whether, and for what purpose at all, an early motion for summary judgment would serve the interests of the parties or the Court. The answer is quite simple. It does not. There is absolutely no need for the Plaintiffs to file their proposed motion at this juncture in the case. Plaintiffs proposed motion will not expedite or streamline the processing or resolution of this case. Where there is no showing that judicial efficiency would be served, this Court has refused to grant leave to file an early motion for summary judgment. *Sorenson v. Minnesota*, No. 21-CV-671 (KMM/LIB), 2022 WL 621151, at *1 (D. Minn. Mar. 3, 2022). Here, an early summary judgment motion would waste judicial resources and the parties' time and money. Plaintiffs' request for leave should be denied.

*Second*, Plaintiffs accuse Defendants of violating their First Amendment rights. Plaintiffs' urgency to file a motion for summary judgment is odd, however. The Act was passed by the Minnesota Legislature nearly a year ago and has been effective since August 1, 2023. Plaintiffs waited six months thereafter to bring this suit, alleging the Act's mere existence chills their First Amendment rights, specifically the right to fire employees when they object to being forced to listen to their political or religious opinions in the workplace, even when those opinions are unrelated to their lawful job duties. Further, Plaintiffs did not seek interim relief, and will have waited nearly three weeks after Defendants filed their motion to dismiss to file their own motion.

Moreover, Plaintiffs level serious allegations against two public officials. Defendants are entitled test the veracity of these allegations through civil discovery. Assuming, *arguendo*, that sovereign immunity does not bar this suit, Defendants can still challenge this Court's subject matter jurisdiction by conducting discovery into Plaintiffs' purported Article III standing, and intend to challenge this issue at summary judgment and, if necessary, at a trial on the merits. With respect to Article III standing, Plaintiffs "bear the burden of proof on this point" and, when controverted, must be "supported adequately by the evidence adduced at trial." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). For example, two Plaintiffs assert associational standing on behalf of their members. "When … a plaintiff's asserted injury arises from the government's allegedly unlawful regulation (or lack of regulation) of *someone else*, much more is needed." *Id*. at 562 (emphasis in original). Defendants are therefore entitled to discover whether, in fact, the Plaintiff trade associations have Article III standing.

Additionally, Plaintiff Laketown Electric, asserting claims of its own, must also establish Article III standing. Plaintiffs asserting a First Amendment chilled speech claim must produce evidence that they, in fact, face a credible threat of prosecution and their speech is, in fact, chilled as a result. *See Zanders v. Swanson*, 573 F.3d 591, 594 (8th Cir. 2009) (holding plaintiffs failed to show credible threat of prosecution for standing to challenge law criminalizing false reporting of police brutality under the First Amendment). Defendants are therefore entitled to discovery into the merits of Plaintiffs allegations that the Act has any chilling effect on Plaintiffs' constitutionally protected speech, whether they face any actual or imminent threat of enforcement of the Act, whether they previously engaged in conduct prohibited by the Act, and to what extent they intend to do so in the future. Plaintiffs may also seek to introduce expert testimony regarding the legitimate public policy reasons for the law. Allowing an early motion for summary judgment,

Honorable Judge Menendez
March 25, 2024
Page 3

before an Answer has even been filed and discovery has been conducted, deprives Defendants of the opportunity to test the veracity Plaintiffs' allegations, and demonstrate the constitutionality of this democratically-enacted law. This case cannot be decided on Plaintiffs' allegations alone.

      Finally, if this Court is inclined to grant Plaintiffs leave to file an early summary judgment motion and hear oral argument at the same time as the currently scheduled hearing on Defendants' motion to dismiss, Defendants request that the current oral argument be rescheduled. The undersigned have competing work and personal obligations over the next month that would make simultaneously briefing a motion to dismiss reply, opposition to summary judgment, and appellate briefing in other assigned cases, unduly burdensome. To accommodate these conflicts, Defendants respectfully request that any joint hearing on the parties respective motions be rescheduled for the Court's next available hearing date in June 2024.

                              Sincerely,

                              /s/ Nick Pladson

                              NICK PLADSON
                              Assistant Attorney General
                              BENJAMIN HARRINGA
                              Assistant Attorney General
                              (651) 300-7083 (Voice)
                              (651) 296-7438 (Fax)
                              Nick.Pladson@ag.state.mn.us
                              Benjamin.Harringa@ag.state.mn.us

                              *Attorneys for Defendants*