

**Littler Mendelson, P.C.**
1300 IDS Center
80 South 8th Street
Minneapolis, MN  55402.2136

Kurt J. Erickson
612.313.7608 direct
612.630.1000 main
kerickson@littler.com

May 24, 2024

**VIA ECF AND E-MAIL MENENDEZ_CHAMBERS@MND.USCOURTS.GOV**

The Honorable Kate M. Menendez
United States District Judge
United States District Court for the District of Minnesota
300 South Fourth Street
Minneapolis, MN  55415

Re:   *Associated Builders and Contractors v. Keith Ellison, et al.*
      U.S. Dist. Ct. File No. 24-cv-00536 (KMM/ECW)

Dear Judge Menendez:

After this Court heard Defendants' Motion to Dismiss on May 14, 2024, on May 17, 2024, putative Defendant, Governor Tim Walz signed into law SF 3852 commanding his appointed Commissioner of Labor and Industry, Defendant Nicole Blissenbach, to create poster for employers to publish on how their rights to engage in free speech and assembly are limited, and how employees can punish employers for engaging in free speech and assembly.  Putative Defendant Walz also commanded Defendant Blissenbach to order that employers publish the notice in their places of business.  An excerpted copy of SF 3852, limited to the first pages showing action on the bill and to pages 60 and 61 of 66, showing the enactment of the notice portion of the bill is enclosed with this letter as Exhibit A.  The amendment goes into effect October 1, 2024.

Plaintiffs promptly drafted a proposed Second Amended Complaint based on the law change. Wednesday, May 22, 2024, Defendants' Counsel, Nick Pladson, and I met and conferred on amending the Complaint again.  Yesterday, we sent Mr. Pladson and his co-counsel, Ben Harringa, the proposed Second Amended Complaint is redline.

This morning, Mr. Pladson and I met and conferred on the actual proposed, Second Amended Complaint. A copy is enclosed as Exhibit B. The gravamen of the amendments are at redline paragraphs 38-40. Without waiver of any of Defendants' defenses, Mr. Pladson could not consent under Fed. R. Civ. P. 15(b) to amendment as proposed in the Second Amended Complaint.  Plaintiff is therefore looking for a hearing time for a motion to amend and stay decision on Defendants' Motion to Dismiss so the Court can decide Defendants' Motion based on the then actual--no longer proposed—Second Amended Complaint.

littler.com

The Honorable Kate M. Menendez
May 24, 2024
Page 2

In this regard, my understanding is that Defendants generally agree with Plaintiffs that it is best that any decision be based on legal issues raised in the proposed amendments, which is consistent with Your Honor's comments during the May 14, 2024 oral argument regarding the proposed First Amended Complaint. Nevertheless, Defendants will not agree to amendment without waiver of defenses. As a result, we cannot agree with Defendants' proposed scheduling, which is akin to what we had initially proposed, contingent on Plaintiff's Second Amended Complaint being allowed under Fed. R. Civ. P. 15, but without waiver of Defendants' defenses.

Hence, Plaintiffs have no choice but to promptly move forward, move for amendment as soon as possible, and ask the Court to reopen Defendants' Motion to Dismiss so that Plaintiffs Second Amended Complaint is considered.

We will therefore be seeking from your Chambers a time for a hearing to make a motion to amend and to stay decision on Defendants' Motion to Dismiss, so that the Court can consider Plaintiffs' proposed Second Amended Complaint.

On behalf of Plaintiffs, we thank the Court for its consideration in this matter.

Respectfully submitted,


*/s/ Kurt J. Erickson*

Kurt J. Erickson
Shareholder

KJE/pgk
Enclosures

c:      Counsel of Record (via ECF and via email)

4865-2685-1777.1 / 121551-1001