UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MINNESOTA CHAPTER OF ASSOCIATED BUILDERS AND CONTRACTORS, INC., NATIONAL FEDERATION OF INDEPENDENT BUSINESS, INC., and LAKETOWN ELECTRIC CORPORATION,<br><br>Plaintiffs,<br><br>vs.<br><br>TIMOTHY JAMES WALZ, in his official capacity as Governor of the State of Minnesota, KEITH ELLISON, in his official capacity as Attorney General of Minnesota, NICOLE BLISSENBACH, in her official capacity as Commissioner of the Minnesota Department of Labor and Industry,<br><br>Defendants. | Court File No. 24-cv-00536 (KMM/ECW)<br><br><br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS** |

## INTRODUCTION

Government defendants have a right to immediately appeal a denial of a motion to dismiss on the basis sovereign immunity. During the pendency of such an appeal, the Eighth Circuit expects the district court to "stay its hand" and halt continued litigation. This is because sovereign immunity is immunity *from suit*, not merely immunity *from liability*. Thus, failing to stay district court proceedings would undermine sovereign immunity's entire purpose—to protect government officials from the burden of litigation—and is contrary to controlling precedent. Therefore, this Court should stay this action pending resolution of Defendants' appeal.

ARGUMENT

I. A STAY RESPECTS SOVEREIGN IMMUNITY, CONTROLLING PRECEDENT, AND SERVES JUDICIAL ECONOMY.

"Once a notice of appeal has been filed in a case in which there has been denial of a [motion] raising the issue of [sovereign] immunity, the district court should then stay its hand." *Johnson v. Hay*, 931 F.2d 456, 459 n.2 (8th Cir. 1991). When "[j]urisdiction has been vested in the court of appeals … the district court should not act further." *Id.* As the Supreme Court explains, governmental immunity is a threshold question that should be conclusively decided before subjecting government officials to the burdens of litigation. *See Harlow v. Fitzgerald*, 457 U.S. 800, 816–18 (1982) (warning that "until this threshold immunity question is resolved, discovery should not be allowed" since the burden "can be peculiarly disruptive of effective government"); *see also Dreith v. City of St. Louis, Mo*, 55 F.4th 1145, 1150 (8th Cir. 2022) (same).

District courts in Minnesota follow Eighth Circuit precedent and stay litigation pending interlocutory appeal of immunity decisions. *See Mille Lacs Band of Ojibwe v. Cnty. of Mille Lacs*, No. 17-cv-05155 (SRN/LIB), 2021 WL 1400069, at *2 (D. Minn. Apr. 14, 2021) (collecting cases that support proposition that "[d]istrict courts often stay proceedings once a defendant has appealed the district court's denial of a claim to immunity"); *see also Fuller v. Hafoka*, No. 19-CV-0886 (PJS/BRT), 2021 WL 3683462, at *1 (D. Minn. Aug. 19, 2021) (*sua sponte* staying district court proceedings for pendency of government's appeal of denial of immunity); *Mallak v. Aitkin Cnty.*, No. 13-cv-2119 (DWF/LIB), 2015 WL 13187116, at *6 (D. Minn. Oct. 14, 2015) (denying Plaintiff's

motion to compel discovery against appealing defendants until interlocutory appeal of denial of government immunity was resolved); *Burns v. Off. of the Minn. Att'y Gen.*, No. 05-858 (PJS/RLE), 2006 WL 3007475, at *2 (D. Minn. Oct. 20, 2006) (staying district court proceedings during interlocutory appeal); *Follis v. Minn.*, No. 08-1348 (JRT/RLE), 2008 WL 5424127, at *2–3 (D. Minn. Dec. 28, 2009) (same).

Here, all three Defendants appealed this Court's decision denying them sovereign immunity. (ECF No. 65.) None of the other issues in this suit can be adjudicated until this Court's jurisdiction over each of the Defendants is conclusively determined. Subjecting three of the highest-ranking state officials in Minnesota to continued litigation in the district court pending appeal imposes the burden and "excessive disruption of government" forbidden by *Harlow*. 457 U.S. at 819. Therefore, controlling precedent directs that a stay pending resolution of Defendants' appeal is necessary in this case.

Moreover, while precedent provides a sufficient basis to enter a stay, judicial economy and common-sense do too. Whether the Eighth Circuit agrees with Defendants on appeal and disposes of this case entirely or determines that one or more Defendants should be dismissed, there exists a real possibility the scope of this case will be different following remand. Any discovery or motion practice underway or pending when the appeal is decided could be functionally moot, imposing a significant waste of time and money on the parties and this Court. Judicial economy favors a stay of these proceedings pending appeal—it's the only action that makes sense.

## CONCLUSION

Having appealed this Court's denial of sovereign immunity, Defendants' motion to stay further district court litigation should be granted. A stay respects the purpose of sovereign immunity, is warranted by controlling precedent, and serves judicial economy by avoiding the unnecessary time and expense of fruitless litigation. Accordingly, this Court should stay this action pending resolution of Defendants' appeal.

Dated: October 23, 2024            Respectfully submitted,

                                                            KEITH ELLISON
                                                            Attorney General
                                                            State of Minnesota

                                                            /s/ Benjamin Harringa
                                                            BENJAMIN HARRINGA
                                                            Atty. Reg. No. 0399254
                                                            NICK PLADSON
                                                            Atty. Reg. No. 0388148
                                                            Assistant Attorneys General

                                                            445 Minnesota Street, Suite 1400
                                                            St. Paul, MN 55101-2131
                                                            (651) 583-6731 (Voice)
                                                            Benjamin.Harringa@ag.state.mn.us

                                                            ATTORNEYS FOR DEFENDANTS