UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Minnesota Chapter of Associated Builders and Contractors, Inc.; National Federation of Independent Business, Inc.; and Laketown Electric Corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>Keith Ellison, in his official capacity as Attorney General of Minnesota; Nicole Blissenbach, in her official capacity as the Commissioner of the Minnesota Department of Labor and Industry; and Timothy James Walz, in his official capacity as Governor of the State of Minnesota,<br><br>    Defendants. | Case No. 24-cv-536 (KMM/ECW)<br><br><br><br>ORDER |

This matter is before the Court on Defendants Keith Ellison, Nicole Blissenbach, and Timothy James Walz's (collectively, "Defendants") Motion to Stay Proceedings (Dkt. 69) ("Motion to Stay"). For the reasons stated below, the Court grants the Motion to Stay.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On February 20, 2024, Plaintiffs Minnesota Chapter of Associated Builders and Contractors, Inc.; National Federation of Independent Business, Inc.; and Laketown Electric Corporation (collectively, "Plaintiffs") filed a Complaint seeking a declaratory judgment that Minnesota Statute § 181.531 violates the First and Fourteenth

Amendments and is preempted by the National Labor Relations Act. (Dkt. 1.) Plaintiffs sued Defendants in their official capacities only. (*See id.* at 1.) After Defendants filed a Motion to Dismiss on March 14, 2024 (Dkt. 14), Plaintiffs filed a Motion to Amend the Complaint (Dkt. 28). Then, at the direction of U.S. District Judge Katherine M. Menendez, Plaintiffs filed a Second Amended Complaint on May 31, 2024. (Dkts. 40, 41.) Judge Menendez denied the March 14, 2024 Motion to Dismiss without prejudice and denied the first Motion to Amend as moot in view of the anticipated Second Amended Complaint. (*See* Dkt. 40.)

On June 21, 2024, Defendants filed a Renewed Motion to Dismiss. (Dkt. 46.) They sought dismissal under Federal Rule of Civil Procedure 12(b)(1) on the grounds that Defendants, named only in their official capacities as officers of the State of Minnesota, are entitled to Eleventh Amendment sovereign immunity and because the enforcement exception set forth in *Ex Parte Young*, 209 U.S. 123, 159-60 (1908), does not apply. (Dkt. 47 at 10-12.) Defendants also argued that Governor Walz and Commissioner Blissenbach lacked sufficient connection to the challenged statute's enforcement to meet *Ex Parte Young*'s first requirement, none of the Defendants had threatened to enforce the challenged statute, and none of them had any intention of doing so, rendering *Ex Parte Young* inapplicable. (*Id.* at 12-23.)

Then, on August 30, 2024, with Judge Menendez's permission, Plaintiffs filed a "Second Amended and Supplemental Complaint," which is the operative pleading as of the date of this Order. (Dkts. 57, 58.) Judge Menendez heard argument on the Renewed Motion to Dismiss on September 16, 2024, where the argument included discussion of

2

the Second Amended and Supplemental Complaint, and denied the Renewed Motion to Dismiss as to all three Defendants from the bench. (Dkt. 62 at 4:10-13, 35:13-45:9.)

On September 30, 2024, Defendants filed their Answer. (Dkt. 63.) Shortly thereafter, Plaintiffs emailed the undersigned's chambers asking for a Rule 16 pretrial scheduling conference, and Defendants responded by stating their intent to file a motion to stay in view of their anticipated appeal to the Eighth Circuit. (*See* Dkt. 64.) The Court set an October 23, 2024 deadline for Defendants' anticipated motion to stay, failing which the Court would set a Rule 16 conference. (*Id.*)

On October 16, 2024, Defendants filed a Notice of Appeal seeking interlocutory review of the decision denying sovereign immunity. (Dkt. 65 (citing *Myers v. Iowa Bd. of Regents*, 30 F.4th 705, 707 (8th Cir. 2022) ("The collateral order doctrine permits interlocutory appeal of a district court's denial of sovereign immunity.")).)

Defendants then filed their Motion to Stay on October 23, 2024. (Dkt. 69.) Briefing was complete on October 30, 2024 (*see* Dkts. 72, 76), and the Court heard argument on the Motion to Stay on November 19, 2024 (Dkt. 78). The Motion to Stay is now ripe for decision.

## II.   LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Armstrong v. Mille Lacs Cnty. Sherriff's Dept.*, 112 F. Supp. 2d 840, 843 (D. Minn. 2000) ("As a

3

Federal District Court, we have the inherent power to stay the proceedings of an action, so as to control our docket, to conserve judicial resources, and to provide for the just determination of the cases which pend before us.") (citations omitted). "A district court has broad discretion to stay proceedings when appropriate to control its docket." *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006) (citation omitted).

"The party requesting a stay 'bears the burden of establishing its need.'" *Parada v. Anoka Cnty.*, No. 18-795, 2020 WL 6488794, at *2 (D. Minn. Nov. 4, 2020) (quoting *Clinton v. Jones*, 520 U.S. 681, 708 (1997)). "Traditionally, an applicant for a stay has the burden of showing specific hardship or inequity if he or she is required to go forward." *Jones v. Clinton*, 72 F.3d 1354, 1364 (8th Cir. 1996). Relevant factors when deciding whether to stay a case pending appeal are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Garcia v. Target Corp.*, 276 F. Supp. 3d 921, 924 (D. Minn. 2016) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "Other factors relevant to the district court's consideration when determining whether to stay proceedings include maintaining control of its docket, conserving judicial resources, and providing for the just determination of cases pending before the court." *Id.* (cleaned up).

### III.   ANALYSIS

Here, Defendants seek a stay pending appeal of the decision denying them sovereign immunity. (*See* Dkt. 65.) Before turning to the stay factors, the Court first

4

summarizes the legal underpinnings of sovereign immunity and interlocutory appeals based on that doctrine.

"Generally, States are immune from suit under the terms of the Eleventh Amendment and the doctrine of sovereign immunity." *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021). Sovereign immunity also extends to state officers sued in their official capacities. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). "The preeminent purpose of state sovereign immunity is to accord States the dignity that is consistent with their status as sovereign entities." *Fed. Mar. Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743, 760 (2002) (citation omitted). To do so, state sovereign immunity prevents States from being "summoned as defendants to answer the complaints of private persons." *Alden v. Maine*, 527 U.S. 706, 748 (1999) (quoting *In re Ayers*, 123 U.S. 443, 505 (1887)). Thus, while "a district court ruling denying a pre-answer motion to dismiss is typically not a final order that is immediately appealable," there "is a well-established principle that an order denying a claim of sovereign immunity is subject to interlocutory appeal under the collateral order doctrine." *Myers v. Iowa Bd. of Regents*, No. 3:19-cv-00081 (SMR/SBJ), 2020 WL 6387376, at *1 (S.D. Iowa July 9, 2020) (cleaned up). "[T]he filing of a notice of appeal 'confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *Johnson v. Hay*, 931 F.2d 456, 459 n.2 (8th Cir. 1991) (citing *United States v. Ledbetter*, 882 F.2d 1345, 1347 (8th Cir. 1989)).

In their brief, Defendants seek a stay based on the Eighth Circuit's decision in *Johnson*. In *Johnson*, the Eighth Circuit held in the qualified immunity context that:

5

"Once a notice of appeal has been filed in a case in which there has been denial of a summary judgment motion raising the issue of qualified immunity, the district court should then stay its hand."  931 F.2d at 459 n.2.  The Eighth Circuit went on to find that only "[i]f the appeal is utterly lacking in merit and for the purpose of delay only" should the matter proceed.  *Id.*  Several district courts have found *Johnson* warrants a stay of proceedings pending appeal of a denial of sovereign immunity.  *See, e.g.*, *Myers*, 2020 WL 6387376, at *1 ("[O]nce a notice of appeal has been filed in a case in which there has been denial of a [motion] raising the issue of [sovereign] immunity, the district court should then stay its hand.") (quoting *Johnson*, 931 F.2d at 459 n.2); *Root v. Liberty Emergency Physicians, Inc.*, 68 F. Supp. 2d 1086, 1089-92 (W.D. Mo. 1999) (citing *Johnson* and staying all proceedings pending appeal of denial of sovereign immunity).

In the context of the stay factors, these decisions implicate the factor of whether Defendants will be irreparably injured if a stay is not granted.  As one court in this District explained, "for the district court to proceed to the merits of the case before resolution of the appeal [denying immunity from suit] would destroy the defendant's right to be free of the burdens of discovery and trial."  *Mille Lacs Band of Ojibwe v. Cnty. of Mille Lacs*, No. 17-CV-05155 (SRN/LIB), 2021 WL 1400069, at *3 (D. Minn. Apr. 14, 2021).  A State's sovereign immunity under the Eleventh Amendment means that "States are immune from suit."  *Whole Woman's Health*, 595 U.S. at 39.  Further, the Supreme Court has held that sovereign immunity is "preserved by constitutional design" and necessary to our federalist system.  *Alden*, 527 U.S. at 748-49.  As the Eighth Circuit explained in the context of presidential immunity, "Presidential immunity is not a

6

prudential doctrine fashioned by the courts. [The President is] entitled to immunity, if at all, only because the Constitution ordains it." *Clinton*, 72 F.3d at 1362. The same is true for Eleventh Amendment sovereign immunity. Given these principles, it is clear that Defendants will be irreparably injured if this lawsuit proceeds pending their appeal, as allowing this case to proceed undermines their constitutionally established right to be immune from suit (not just liability), including from the burden of discovery and litigation. *See Myers*, 2020 WL 6387376, at *2 ("Refusing to grant a stay in order to appeal the denial of sovereign immunity undermines the entire constitutional basis for the doctrine because 'immunity is effectively lost if a case is erroneously permitted to go to trial.'") (quoting *Van Wyhe v. Reisch*, 581 F.3d 639, 647-48 (8th Cir. 2009)). The State official Defendants are "entitled to challenge the Court's order denying its sovereign immunity defense free from the pressures of continuing to defend against the very claim from which it contends it is immune." *Id.*

The Court turns to the factor of whether issuance of a stay will substantially injure Plaintiffs. Plaintiffs raise legitimate concerns that a stay will prolong the alleged violations of their First Amendment rights. (Dkt. 75 at 6-7.) Relatedly, Plaintiffs also distinguish *Johnson* and other cases cited by Defendants because none of those cases stayed a case pending appeal of a denial of sovereign immunity based on a First Amendment challenge. (*Id.* at 3-5.) However, courts have stayed cases asserting First Amendment rights based on a denial of **qualified** immunity. *See, e.g.*, *Hatfield v. Bd. of Cnty. Comm'rs of Cotton Cnty.*, No. CIV-20-937-J, 2022 WL 22895941, at *1 (W.D. Okla. Jan. 19, 2022) (staying proceedings pending appeal of denial of summary judgment

7

on qualified immunity grounds as to First Amendment claims); *Occupy Columbia v. Haley*, No. 3:11-CV-03253-CMC, 2013 WL 12380290, at *2 (D.S.C. Mar. 18, 2013) (staying proceedings pending interlocutory appeal in case alleging violation of First Amendment rights "[i]n the interest of judicial economy and consistent with the doctrine of qualified immunity"). The Court sees no reason why state sovereign immunity should be treated differently (and less seriously) than qualified immunity, given that both immunities are immunity from suit and the Supreme Court's recognition of the constitutional underpinnings of state sovereign immunity.

Further, Plaintiffs have not identified any case supporting their argument that lawsuits alleging a continuing violation of First Amendment rights are so different from (and so much more important than) lawsuits alleging a continuing violation of other constitutional rights that the need for a First Amendment lawsuit to proceed outweighs the principles underpinning state sovereign immunity. It is not enough to argue that the First Amendment is important. All constitutional rights are important. Moreover, lawsuits may also allege continuing violations based on rights other than the First Amendment—such as a prisoner's rights under the Eighth Amendment to receive necessary medical care and not be subjected to cruel and unusual punishment. For this reason, it is not enough to make a general argument based on an alleged continuing violation of the First Amendment. Finally, and perhaps most importantly, Plaintiffs have not identified any specific facts about the alleged First Amendment violation in this case that would tip the balance to nullifying the State's constitutionally established immunity from suit.

As to the factor of likelihood of success on the merits, which neither side discussed in detail, the Court assumes for purposes of the Motion to Stay that it favors Plaintiffs. But the Court finds that Defendants' appeal is neither "utterly lacking in merit" nor brought "for the purpose of delay only." *See Johnson*, 931 F.2d at 459 n.2. Accordingly, in this case, the likelihood of success factor does not outweigh the Eighth Circuit's direction to stay pending appeal of an immunity issue. *See id.*

Finally, the Court considers the public interest and other factors. Plaintiffs argue that the public interest is served by vindicating First Amendment rights. (Dkt. 75 at 5-7.) Defendants argue: "Any discovery or motion practice underway or pending when the appeal is decided could be functionally moot, imposing a significant waste of time and money on the parties and this Court. Judicial economy favors a stay of these proceedings pending appeal—it's the only action that makes sense." (Dkt. 72 at 3.) The Court agrees that conserving the State's resources pending a decision on immunity is in the public interest. *See Willis v. Cnty. of Saginaw*, No. 1:21-CV-10217, 2021 WL 2139097, at *5 (E.D. Mich. May 26, 2021) (staying case "pending the disposition of the sovereign immunity appeal" in related case because "the public has at least a comparable interest in avoiding duplicative litigation and other needless expenditures"); *Eggert ex rel. Eggert v. Chaffee Cnty.*, No. 10-CV-01320-CMA-KMT, 2010 WL 3359613, at *4 (D. Colo. Aug. 25, 2010) (staying case pending decision on immunity-based motions to dismiss because: "[T]here is also a public interest in conserving public resources and the efficient functioning of government. Indeed, these are fundamental principles underlying the

defense of qualified immunity and supporting a stay of proceedings when that defense is asserted."). Given these competing public interests, Court finds this factor is neutral.

In sum, the Court finds that the harm suffered by the State should its constitutionally established sovereign immunity from suit be nullified by allowing this lawsuit to proceed pending appeal outweighs the harm Plaintiffs allege they would suffer from a continuing violation of their First Amendment rights due to the challenged statute. The importance of immunity from suit—not just from liability or trial—is why courts routinely stay cases pending appeal of a denial of immunity. While Defendants' appeal may not succeed, it is not so without merit as to justify denying a stay, nor is there any indication it was brought solely for purposes of delay. Finally, the public's interest in the vindication of First Amendment rights is balanced by the public's interest in conserving public resources and the preservation of our federalist system. For all of these reasons, the Court grants the Motion to Stay.

### III.  ORDER

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT**: Defendants Keith Ellison, Nicole Blissenbach, and Timothy James Walz's Motion to Stay Proceedings (Dkt. 69) is **GRANTED**.

DATED: December 16, 2024                                  *s/Elizabeth Cowan Wright*
                                                                                                 ELIZABETH COWAN WRIGHT
                                                                                                 United States Magistrate Judge